IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeremy Allen Hewitt, | C/A No. 0:09-2607-MBS-PJG |
| Plaintiff, | |
| v. | |
| | **REPORT AND RECOMMENDATION** |
| Mr. Knowlin, *Warden*; Ms. Huggins, *Head Nurse*; Capt. Coleman, *YOIP Captain*; John Ozmint, *Director*, | |
| Defendants. | |

Plaintiff Jeremy Allen Hewitt ("Hewitt"), a self-represented former state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the parties' cross motions for summary judgment. (ECF Nos. 56 & 65.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Hewitt was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 57.) Hewitt filed a response in opposition. (ECF No. 62.) Additionally, the defendants filed a response in opposition to Hewitt's motion for summary judgment (ECF No. 67) and Hewitt filed a reply (ECF No. 70). Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted and Hewitt's motion denied.

**BACKGROUND**

Hewitt filed this action alleging that while in the custody of the South Carolina Department of Corrections ("SCDC"), the dormitory in which he was housed was put on "deadlock" following a riot that occurred on April 29, 2009. (Am. Compl., ECF No. 7-3 at 3.) His dormitory remained on deadlock for sixty-two days, during which time Hewitt alleges the following: (1) that he was denied exercise, (2) that he was denied access to courts by being refused legal writing materials, (3) that he was only allowed to shower twice a week and as a result developed psoriasis and jock itch, (4) that he was denied medical treatment for the aforementioned skin conditions until after the deadlock concluded (5) that laundry was not washed for seventeen days, (6) that he was denied hot meals, (7) that he was denied access to education program and books which resulted in depression, and (8) that grievances are not processed in a timely fashion. (See generally Am. Compl., ECF No. 7.)

**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).



In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Exhaustion of Administrative Remedies**

The defendants argue that they are entitled to summary judgment because Hewitt has failed to exhaust his administrative remedies with regard to his claims. (ECF No. 56-1 at 4-5.) A prisoner must exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner



confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See Booth v. Churner, 532 U.S. 731 (2001). Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

Pursuant to SCDC policy, an inmate seeking to complain of prison conditions must first attempt to informally resolve his complaint. Next, an inmate may file a "Step 1 Grievance" with designated prison staff. If the Step 1 Grievance is denied, the inmate may appeal to the warden of his facility via a "Step 2 Grievance." Hewitt's Amended Complaint indicates he filed two grievances concerning the claims raised, but that a final agency decision had not been received. (Am. Compl., ECF No. 7-3 at 2.)

In response to the defendants' motion, Hewitt does not appear to dispute that he did not exhaust his administrative remedies with regard to his claims. Rather, Hewitt argues that

Page 4 of 8



administrative remedies were not "readily available."  Further, no evidence has been presented suggesting that the defendants prevented Hewitt in any manner from filing grievances.  Cf. Hill v. Haynes, No. 08-7244, 2010 WL 2182477 (4th Cir. June 2, 2010) (unpublished).  Therefore, the court finds that Hewitt's claim has not been properly exhausted pursuant to 42 U.S.C. § 1997e(a) and should therefore be dismissed.  However, even if Hewitt had properly exhausted his administrative remedies with regard to his claims, the defendants would be entitled to summary judgment for the reasons stated below.

**C.     Eleventh Amendment Immunity**

To the extent the defendants are sued in their official capacities for monetary damages, they correctly assert that they are immune from suit in this court.  As arms of the state, they are entitled to sovereign immunity and are not "persons" under § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993) (stating that absent waiver of Eleventh Amendment immunity, "neither a State nor agencies acting under its control may be subject to suit in federal court") (quotations and citations omitted).  Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court.  See S.C. Code Ann. § 15-78-20(e).  Accordingly, to the extent the defendants are sued in their official capacity, they are immune from suit, as they are treated as "arms of the State" in this capacity.  Will, 491 U.S. at 70-71; see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations).



**D.     Failure to State a Claim**

The defendants contend that Hewitt has failed to state any claim against them because Hewitt has failed to allege any personal involvement by the defendants in his Amended Complaint. The court agrees. Hewitt has made no allegation of any personal involvement on the part of the defendants in connection with any of his claims.[1] See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Moreover, a claim based upon the doctrine of respondeat superior does not give rise to a § 1983 claim. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948. As the Iqbal Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." Id. at 1949. Indeed, the dissent in Iqbal opined that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [] supervisory liability entirely." Id. at 1957 (Souter, J., dissenting). Moreover, even if the majority in Iqbal did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the instant Amended Complaint fails entirely to plead facts sufficient to go forward on such a theory based on Fourth Circuit precedent. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.

---

[1] In fact, at most Hewitt argues in response to summary judgment that Defendants Ozmint and Knowlin are liable simply based on their position within the South Carolina Department of Corrections and Defendants Huggins and Coleman are liable because they were "aware of [Hewitt's] situation" and failed to act. (Pl.'s Resp. Opp'n Summ. J., ECF No. 62 at 7-8.) Such bare allegations are insufficient.



1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Accordingly, the defendants are entitled to summary judgment.

**E.     Remaining Claims**

To the extent that Hewitt's Amended Complaint could be construed to state additional claims under state law, the court should decline to exercise supplemental jurisdiction over those claims. See 28 U.S.C. § 1367(c).

## RECOMMENDATION

For the reasons stated herein, the court recommends that the defendants' motion for summary judgment (ECF No. 56) be granted and that Hewitt's motion for summary judgment (ECF No. 65) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 22, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).